IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case Number:  9:16-cv-81765

Q.E.P.CO., INC.,
a Delaware corporation

        Plaintiff,

v.

INTERNATIONAL WHOLESALE TILE,
LLC, a Delaware corporation,

        Defendant.

## COMPLAINT FOR PATENT INFRINGEMENT and UNFAIR COMPETITION

## JURY TRIAL DEMANDED

Plaintiff Q.E.P. CO., INC., by and through undersigned counsel, brings this civil action for patent infringement against Defendant, INTERNATIONAL WHOLESALE TILE, LLC, (IWT) and alleges as follows:

1.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* and for unfair competition (false advertising) under 15 U.S.C. § 1125.

## PARTIES, JURISDICTION AND VENUE

2.    Plaintiff Q.E.P. CO., INC. ("QEP") is a Delaware Corporation with its principal place of business at 1001 Broken Sound Parkway, Boca Raton, Florida 33487.

3.    Defendant INTERNATIONAL WHOLESALE TILE, LLC ("IWT"), is a Delaware Limited Liability entity with its principal place of business at 3500 SW 42nd Avenue, Palm City, Florida 34990.

4.     Defendant is subject to personal jurisdiction within this judicial district and division because it operates, conducts, engages in, or carries on business within this state, judicial district and division, and/or has an office or agency within this state, judicial district and division.

5.     This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §1338(a) under the Patent Laws of the United States.

6.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1400(b) and 28 U.S.C. §1391 (b) because IWT resides, has a principal place of business, and has committed acts of infringement within this judicial district and division.

## THE PATENT-IN-SUIT

7.     Prior to March 26, 2007, Robert C. Doda, Jr. invented a novel and non-obvious Device for Leveling and Aligning Tiles and Method for Leveling and Aligning Tiles.

8.     Doda applied for and obtained United States Patent No. 7,992,354 entitled "Device for Leveling and Aligning Tiles and Method for Leveling and Aligning Tiles" which was duly and legally issued on August 9, 2011 (the '354 Patent).  A true and correct copy of the '354 Patent is attached as Exhibit A.

9.     Doda assigned all right, title and interest in and to the '354 Patent to QEP in March 24, 2008, which was recorded at the United States Patent and Trademark Office on March 24, 2008 at Reel 20754, Frame 561. A copy of the records of the United States Patent and Trademark Office relating to the activities referred to in paragraph 9 is attached as Exhibit B.

10.    In general, non-legal terms, the '354 Patent relates to a device that is used to level tiles during installation thus preventing "lippage" or uneven tile heights.

## COUNT I
## INDIRECT INFRINGEMENT (CONTRIBUTORY) OF U.S. PATENT NO. 7,992,354

11. Plaintiff re-alleges paragraphs 1-10 as fully and completely as if set forth herein verbatim.

12. Beginning on or after August 9, 2011, Defendant IWT imported into the U.S. for sale, offered for sale and/or sold products known as "spacer clips" and "wedges".

13. Beginning on or after August 9, 2011, Defendant IWT advertised the use of the "spacer clips" and "wedges" on its website for tile installation.

14. Beginning on or after August 9, 2011, Defendant IWT advertised on its website that the "spacer clips" and "wedges" are made in Italy and identifies through an internet link an Italian company known as Andalsystem.

15. On information and belief, there are no known uses for the "spacer clips" and "wedges" other than to level tiles during installation thus preventing "lippage" or uneven tile heights.

16. IWT does not advertise any use for the "spacer clips" and "wedges" other than to level tiles during installation thus preventing "lippage" or uneven tile heights.

17. On information and belief, IWT intends that, the "spacer clips" and "wedges" are to be used during the installation of tiles to prevent "lippage" or uneven tile heights.

18. On information and belief IWT identifies the "spacer clips" and "wedges" by the name "Flatlines."

19. On information and belief the IWT "spacer clips" and "wedges" are not staple articles of commerce having substantial non-infringing uses.

20. The intended combination of the tiles and "spacer clips" and "wedges" directly infringes at least each of claims 1-3 and 8 of the '354 Patent.

21. Subsequent to August 9, 2011, Defendant IWT has contributorily infringed at least claims 1-3 and 8 of the '354 Patent by the conduct described in paragraphs 11-20 in violation of 35 U.S.C. § 271(c).

22. Plaintiff has complied with the marking requirements of 35 U.S.C. § 287.

23. The activities of IWT as set forth in this Count I have been without license, permission or authorization from Plaintiff.

24. The activities of IWT as set forth in this Count I have been and continue to be to the injury and detriment of Plaintiff and irreparable harm to Plaintiff.

25. Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT II
## INDIRECT INFRINGEMENT (INDUCEMENT) OF U.S. PATENT NO. 7,922,354

26. Plaintiff re-alleges paragraphs 11- 20 as fully and completely as if set forth herein verbatim.

27. Subsequent to August 9, 2011, Defendant IWT has induced infringement of at least claims 1-3 and 8 of the '354 Patent by the conduct described in paragraphs 11-20 in violation of 35 U.S.C. § 271(b).

28. Plaintiff has complied with the marking requirements of 35 U.S.C. § 287.

29. The activities of IWT as set forth in this Count II have been without license, permission or authorization from Plaintiff.

30. The activities of IWT as set forth in this Count II have been and continue to be to the injury and detriment of Plaintiff and irreparable harm to Plaintiff.

31. Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT III
## FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)

32. Plaintiff realleges paragraphs 1 – 4 and 12-19 as fully and completely as if set forth herein verbatim.

33. This is a Count for unfair competition, namely, False Advertising under The Lanham Act, 15 U.S.C. § 1125(a).

34. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

35. This Count III is joined with a substantial and related claim under the patent laws of the United States.

36. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1338(b)

37. Within the three years immediately preceding the filing of this Complaint, IWT used on its website and in its literature, in connection with the sale of its "spacer clips" and "wedges" photographs of certain products made by a company known as Raimondi.

38. During the time that IWT conducted its business as set forth in paragraph 37, IWT did not sell "spacer clips" and/or "wedges" manufactured and/or supplied by Raimondi, but, on information and belief, only "spacer clips" and "wedges" manufactured by Andalsystem.

39. The activities of IWT referred to in paragraphs 37 and 38 were conducted in interstate commerce and in this District and constituted advertisements that contain false and misleading statements of fact regarding its products.

40. Plaintiff and IWT are competitors in the sale of "spacer clips" and "wedges" in the United States.

41. The statement and deception referred to in the preceding paragraphs are material in that they concern the source and status of IWT's products and are intended to influence and are likely to influence the purchasing decision of IWT's customers.

42. IWT's false and misleading advertising statements and omissions injure both consumers and Plaintiff.

43. IWT's false and misleading advertising statements and omissions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. IWT has caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to Plaintiffs' business, reputation, and goodwill, for which there is no adequate remedy at law.

45. IWT has profited by its activities namely by its sale of "spacer clips" and "wedges" and any associated products.

46. Plaintiffs have been damaged in an amount to be determined at trial but in no even less than $75,000 exclusive of interest, attorney fees and costs

**WHEREFORE, PLAINTIFFS PRAY:**

A. For judgment that IWT has directly or indirectly infringed at least one claim of the '354 Patent;

B. For an accounting and an award of damages sufficient to compensate Plaintiff for the infringement but in no event less than a reasonable royalty;

C. That the Court Enter Temporary Restraining Order, as well as Preliminary Injunction, in favor of Plaintiff, enjoining Defendant and all other person in active concert or participation with them, either directly or indirectly, from:

    i. making, using, selling, importing, repairing, assembling or offering for sale "spacer clips" and "wedges" the use of which for their intended purpose result in infringement of any claim of the '354 patent;

    ii. infringing any claim of the '354 patent;

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33431

     iii. aiding, contributing, inducing other to and/or cooperating with third parties who make, use, sell, import, assemble or offer for sale parts or components that when finally assembled and/or used will infringe the '354 patent;

 D. That the Court Enter a Permanent Injunction in favor of Plaintiff enjoining the patent infringement by Defendant;

 E. That the Court determine that this is an exceptional case;

 F. That the Court awarding Plaintiffs their attorney fees under 35 U.S.C. § 285;

 G. That the Court enter an injunction under 15 U.S.C. § 1116 restraining IWT, its agents, employees, representatives and all persons acting in concert with IWT from engaging in future acts of false advertisement and ordering removal of all of IWT's false advertisements;

 H. That Plaintiff recovers from IWT the damages sustained by Plaintiff as a result of IWT's acts in violation of 15 U.S.C. § 1125(a);

 I. That Plaintiff recovers from IWT the gains, profits and advantages that IWT has obtained as a result of IWT's acts in violation of 15 U.S.C. § 1125(a);

 J. That the Court award Plaintiff its costs; and

 K. For such other and further relief as to the Court appears just and proper.

 L. For such other and further relief as to the Court may appear just and reasonable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

DATED:  October 19, 2016    Respectfully submitted,

         By: */s/ Jerold I. Schneider*
           JEROLD I. SCHNEIDER
           Florida Bar Number 26975
           jerold.schneider@sriplaw.com

7

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
**4651 NORTH FEDERAL HIGHWAY**
**BOCA RATON, FLORIDA  33431**

JOEL B. ROTHMAN
Florida Bar Number 98220
joel.rothman@sriplaw.com
KEVIN E. CUDLIPP
Florida Bar Number 112433
kevin.cudlipp@sriplaw.com

**SCHNEIDER ROTHMAN**
**INTELLECTUAL PROPERTY**
**LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, Florida  33431
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff*
*Q.E.P.Co., Inc.*